NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EQUINE LEGAL SOLUTIONS, PC,

      Plaintiff - Appellant,

 v.

FIRELINE FARMS, INC.,

      Defendant - Appellee,

and

KAIHLY GONZALEZ,

      Defendant.

No. 25-1764

D.C. No.
3:22-cv-01850-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted July 9, 2026[**]
Portland, Oregon

Before: GRABER, CLIFTON, and SUNG, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Plaintiff Equine Legal Solutions, PC, timely appeals the district court's entry of judgment in Plaintiff's favor for $400, in this copyright action against Defendant Fireline Farms, Inc. For the reasons that follow, we vacate the judgment and remand with the instruction that the district court enter judgment in Plaintiff's favor in the amount of $1500.

1. The district court clearly erred in determining that Defendant "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2); see L.A. News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 995 (9th Cir. 1998) (holding that we review this determination for clear error). As an initial matter, the requirements of 17 U.S.C. § 401(b) were met, so § 401(d) precluded Defendant's argument that its infringements were innocent. See id. § 401(d) (providing that, if the requirements of § 401(b) are met, "then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages" except in a circumstance not relevant here). In any event, the court clearly erred by concluding that the infringements at issue here—the fourth instance of posting copyrighted materials online—were innocent within the meaning of the statute. The license agreement did not allow Defendant to post the forms online, and Plaintiff repeatedly told Defendant to take down the forms when Defendant posted them online. The fourth illegal posting, as well as the first three,

2 25-1764

may have been due to negligence rather than ill will. But Defendant indisputably knew at that time that posting the forms online "constituted an infringement of copyright." Id. § 504(c)(2). Accordingly, the correct statutory minimum award was $750 per infringement. Id. § 504(c)(1).

2. The district court permissibly concluded that Plaintiff was entitled only to an award of the statutory minimum. "The district court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." L.A. News Serv., 149 F.3d at 996 (citation modified). The court considered many factors in determining the amount of the award, including the need for deterrence and whether Defendant's conduct was innocent or willful. Even assuming that the court clearly erred in its assessment of a factor, any error was harmless. The court plainly determined that the infringements here were unintentional in the ordinary sense of the word and that the infringements caused no discernible harm. See Kamar Int'l, Inc. v. Russ Berrie & Co., Inc., 752 F.2d 1326, 1331 (9th Cir. 1984) (holding that the district court did not clearly err in finding that the infringements were not willful in the broader sense of the word). The court's award of the minimum statutory damages falls within its "wide discretion." L.A. News Serv., 149 F.3d at 996.

**VACATED AND REMANDED with the instruction to enter judgment in favor of Plaintiff in the amount of $1500.**

3                                    25-1764